JEFFREY I. WEINBERGER (State Bar No. 56214)
*jeffrey.weinberger@mto.com*
TED G. DANE (State Bar No. 143195)
*ted.dane@mto.com*
HEATHER E. TAKAHASHI (State Bar No. 245845)
*heather.takahashi@mto.com*
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, California 90071-1560
Telephone:     (213) 683-9100
Facsimile:      (213) 687-3702

Attorneys for Plaintiffs
TAKEDA PHARMACEUTICAL CO., LTD.,
TAKEDA PHARMACEUTICALS U.S.A., INC.,
AND TAKEDA PHARMACEUTICALS
AMERICA, INC.

FILED

MAY 2 9 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

EDL

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAKEDA PHARMACEUTICAL CO., LTD., TAKEDA PHARMACEUTICALS U.S.A., INC., AND TAKEDA PHARMACEUTICALS AMERICA, INC., | Case No. C 13 2416 |
| Plaintiffs, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| vs. | |
| IMPAX LABORATORIES, INC., | |
| Defendant. | |

Plaintiffs Takeda Pharmaceutical Company Limited, Takeda Pharmaceuticals U.S.A., Inc., and Takeda Pharmaceuticals America, Inc. (collectively, "Plaintiffs") state the following as their Complaint against Defendant Impax Laboratories, Inc.:

## I.

## THE PARTIES

1.    Plaintiff Takeda Pharmaceutical Company Limited ("TPC") is a Japanese corporation with a principal place of business at 1-1, Doshomachi 4-chome, Chuo-ku, Osaka, Japan. TPC's business includes the research, development, and marketing of pharmaceutical products.

2.    Plaintiff Takeda Pharmaceuticals U.S.A., Inc. ("TPUSA"), formerly known as Takeda Pharmaceuticals North America, Inc., is a Delaware corporation with a principal place of business at One Takeda Parkway, Deerfield, IL 60015. TPUSA's business includes the research, development, and marketing of pharmaceutical products. TPUSA is the registered holder of approved New Drug Application No. 22-287. TPUSA imports dexlansoprazole delayed release capsules manufactured by TPC into the United States.

3.    TPUSA is the owner of record and assignee of U.S. Patent No. 8,173,158 (the "'158 Patent").

4.    Plaintiff Takeda Pharmaceuticals America, Inc. ("TPA") is a Delaware corporation with its principal place of business at One Takeda Parkway, Deerfield, IL 60015. TPA's business includes the purchase, sale, and marketing of pharmaceutical products. TPA sells dexlansoprazole delayed release capsules manufactured by TPC to the public in the United States.

5.    Plaintiffs are informed and believe, and thereupon allege, that Defendant Impax Laboratories, Inc. ("Impax") is a Delaware corporation with its principal place of business at 30831 Huntwood Avenue, Hayward, CA 94544.

6.    Unless specifically stated otherwise, the acts complained of herein were committed by, on behalf of, and/or for the benefit of Impax.

20801728.2                                                    -2-

**II.**

**NATURE OF THE ACTION**

7. This is an action for patent infringement. This action relates to an Abbreviated New Drug Application ("ANDA") filed by Impax with the United States Food and Drug Administration ("FDA") for approval to market generic versions of Plaintiffs' DEXILANT products.

8. Plaintiffs are informed and believe, and thereupon allege, that Impax has been infringing, is infringing, or will infringe one or more claims of the '158 Patent.

**III.**

**JURISDICTION AND VENUE**

9. This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. § 271, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over Impax because Impax conducts business in this district, has its principal place of business within this district, owns or leases space in this district, purposefully avails itself of the rights and benefits of California law, and has been infringing, contributing to the infringement of and/or actively inducting others to infringe claims of the '158 Patent in California and elsewhere.

11. Plaintiffs are informed and believe, and thereupon allege, that a substantial part of the events giving rise to Plaintiffs' claims occurred in this district.

12. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and/or 1400(b).

**IV.**

**INTRADISTRICT ASSIGNMENT**

13. For purposes of intradistrict assignment pursuant to Civil Local Rules 3-2(c) and 3-5(b), this Intellectual Property Action is to be assigned on a district-wide basis.

20801728.2                                      -3-
COMPLAINT FOR PATENT INFRINGEMENT

**V.**

**FACTUAL BACKGROUND**

**A. The '158 Patent**

14. On May 8, 2012, the '158 Patent, entitled "Methods of Treating Gastrointestinal Disorders Independent of the Intake of Food," was duly and legally issued to TPUSA, as assignee of named inventors Ronald D. Lee, Majid Vakily, Darcy Mulford, Jing-Tao Wu, and Stuart Atkinson. A true and correct copy of the '158 Patent is attached as Exhibit A to this Complaint.

15. The '158 Patent, as listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* (published by the FDA and commonly known as the Orange Book), is scheduled to expire on March 17, 2030, with pediatric exclusivity scheduled to expire on September 17, 2030.

**B. DEXILANT**

16. Plaintiff TPUSA is the registered holder of New Drug Application No. 22-287 for the manufacture and sale of the drug dexlansoprazole, a proton pump inhibitor, for the treatment of all grades of erosive esophagitis, maintaining healing of esophagitis, and treating heartburn associated with symptomatic non-erosive gastroesophageal reflux disease ("GERD"). Plaintiff TPA sells dexlansoprazole in the United States under the trade name DEXILANT, in 30 mg and 60 mg dosage forms. The 30 mg and 60 mg dosage forms of DEXILANT were approved by the FDA on January 30, 2009.

17. Plaintiffs are informed and believe, and thereupon allege, that DEXILANT is the first and only acid reflux disease treatment specifically designed for the release of medicine in two stages over time. The key to this two-stage release is DEXILANT's Dual Delayed Release™ formulation ("DDR"). DDR combines two different types of granules in one pill. DEXILANT releases one dose of medicine within an hour of taking a pill. Then, around four to five hours after ingestion, DEXILANT releases a second dose of medicine.

18. The '158 Patent is listed in the Orange Book in support of Plaintiffs' DEXILANT (dexlansoprazole) delayed release capsules, in 30 mg and 60 mg dosage forms.

20801728.2 -4-

1  **C.    Infringement by Impax**

2      19.    Plaintiffs are informed and believe, and thereupon allege, that Impax has submitted

3  ANDA No. 202-576 to the FDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21

4  U.S.C. § 355(j)). The ANDA seeks approval to market dexlansoprazole delayed release capsules

5  in 30 mg and 60 mg dosage form (the "ANDA Products") as a generic version of DEXILANT,

6  prior to the expiration date of the '158 Patent.

7      20.    On September 26, 2012, TPUSA received a letter dated September 25, 2012 (the

8  "Notice Letter") via overnight delivery from Impax addressed to TPUSA and TPC.

9      21.    The Notice Letter stated that the ANDA included a Paragraph IV Certification that,

10  in Impax's opinion, the '158 Patent is invalid, unenforceable, and/or will not be infringed by the

11  commercial manufacture, use, or sale of the ANDA Products.

12      22.    Plaintiffs are informed and believe, and thereupon allege, that the ANDA does not

13  provide any valid basis for concluding that the '158 Patent is invalid, unenforceable, or will not be

14  infringed by the commercial manufacture, use, or sale of the ANDA Products.

15      23.    Plaintiffs are informed and believe, and thereupon allege, that the submission of the

16  ANDA to the FDA constitutes infringement of the '158 Patent under 35 U.S.C. § 271(e)(2).

17  Moreover, any commercial manufacture, use, offer to sell, sale, or import of the ANDA Products

18  would infringe the '158 Patent under 35 U.S.C. § 271(a)–(c).

19                                                              **VI.**

20                                                **CLAIMS FOR RELIEF**

21                                                         **COUNT I**

22                        **(Patent Infringement of U.S. Patent No. 8,173,158)**

23      24.    Plaintiffs incorporate by reference and reallege paragraphs 1 through 23 above as

24  though fully restated herein.

25      25.    Pursuant to 35 U.S.C. § 271(e)(2), Impax's submission of ANDA No. 202-576 to

26  the FDA seeking approval to engage in the commercial manufacture, use, or sale of the ANDA

27  Products was an act of infringement of the '158 Patent.

28

20801728.2                                              -5-

1    26.    Unless Impax is enjoined by the Court, Plaintiffs will be substantially and

2  irreparably harmed by Impax's infringement of the '158 Patent. Plaintiffs do not have an adequate

3  remedy at law.

## COUNT II

### (Declaratory Judgment as to U.S. Patent No. 8,173,158)

6    27.    Plaintiffs incorporate by reference and reallege paragraphs 1 through 26 above as

7  though fully restated herein.

8    28.    These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and

9  2202.

10    29.    Plaintiffs are informed and believe, and thereupon allege, that Impax has made, and

11  will continue to make, substantial preparation in the United States to manufacture, use, sell, offer

12  to sell, and/or import the ANDA Products prior to patent expiry.

13    30.    Plaintiffs are informed and believe, and thereupon allege, that Impax intends to

14  engage in the commercial manufacture, use, sale, or offer for sale within the United States or

15  importation into the United States of the ANDA Products upon receipt of final FDA approval of

16  ANDA No. 202-576.

17    31.    Plaintiffs are informed and believe, and thereupon allege, that pursuant to 35

18  U.S.C. § 271(a), (b), and/or (c), Impax's commercial manufacture, use, sale, or offer for sale

19  within the United States or importation into the United States of the ANDA Products would

20  constitute infringement of the '158 Patent.

21    32.    Plaintiffs are informed and believe, and thereupon allege, that Impax's infringing

22  commercial manufacture, use, sale, or offer for sale within the United States or importation into

23  the United States of the ANDA Products complained of herein will begin following FDA approval

24  of ANDA No. 202-576.

25    33.    Plaintiffs are informed and believe, and thereupon allege, that Impax maintains, and

26  Plaintiffs deny, that the '158 Patent is invalid, unenforceable, or will not be infringed by the

27  commercial manufacture, use, sale, offer for sale, or importation into the United States of the

28  ANDA Products. Accordingly, there is a real, substantial, and continuing justiciable case or

20801728.2                          -6-

1   controversy between Plaintiffs and Impax regarding whether Impax's commercial manufacture,

2   use, sale, offer for sale, or importation into the United States of the ANDA Products according to

3   ANDA No. 202-576 will infringe one or more claims of the '158 Patent. Plaintiffs thus are

4   entitled to a declaration that Impax's commercial manufacture, use,, sale, offer for sale, and

5   importation into the United States of the ANDA Products according to ANDA No. 202-576 will

6   infringe one or more claims of the '158 Patent.

7                                                     **VII.**

8                                 **PRAYER FOR RELIEF**

9       WHEREFORE, Plaintiffs pray for judgment as follows:

10           A. For a declaration that Impax has infringed the '158 Patent;

11           B. For a declaration that the commercial use, sale, offer for sale, manufacture,

12   and/or importation by Impax of the ANDA Products would infringe the '158 Patent;

13           C. For a determination, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective

14   date for approval of the ANDA, under § 505(j) of the Federal Food, Drug and Cosmetic Act (21

15   U.S.C. § 355(j)), be no earlier than the expiration date of the '158 Patent, including any extensions

16   or adjustments;

17           D. For an order preliminarily and permanently enjoining Impax and its affiliates,

18   subsidiaries, officers, directors, employees, agents, representatives, licenses, successors, assigns,

19   and all those acting for them and on their behalf, or acting in concert with them directly or

20   indirectly, from infringing the '158 Patent; and

21

22

23

24

25

26

27

28

1     E. For such other and further relief as this Court deems just and proper.

2

3 DATED: May 29, 2013     MUNGER, TOLLES & OLSON LLP

4              JEFFREY I. WEINBERGER
                TED G. DANE

5              HEATHER E. TAKAHASHI

6

7              By:

8                HEATHER E. TAKAHASHI

9              Attorneys for Plaintiffs
              TAKEDA PHARMACEUTICAL CO., LTD.,

10             TAKEDA PHARMACEUTICALS U.S.A., INC., AND
              TAKEDA PHARMACEUTICALS AMERICA, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20801728.2          -8-